*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0597**

Alina Marie Konczak, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 6, 2015**
**Affirmed**
**Halbrooks, Judge**

Dakota County District Court
File No. 19-K8-05-001459

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Chip Granger, Assistant County Attorney, Hastings, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Larkin, Judge.

# U N P U B L I S H E D   O P I N I O N

**HALBROOKS**, Judge

Appellant Alina Marie Konczak challenges the denial of her postconviction petition, arguing that the postconviction court abused its discretion by (1) finding that she

was not entitled to relief on the grounds of newly discovered evidence, manifest injustice, and ineffective assistance of counsel because the petition did not fall under the newly discovered evidence or interests-of-justice exceptions to the two-year time-bar and (2) denying her request for an evidentiary hearing on the petition. We affirm the postconviction court's summary denial of Konczak's petition.

**FACTS**

On May 20, 2005, Rosemount police received a report of an erratic driver. An officer followed the vehicle until it came to a stop. After Konczak falsely identified herself, the officer placed her under arrest. A second officer searched the vehicle and found several baggies containing a white crystal-like substance that he suspected was methamphetamine. The St. Paul Police Department Crime Laboratory (the SPPDCL) tested the substance and determined that the baggies contained a total of 6.42 grams of methamphetamine.

The state charged Konczak with third-degree controlled-substance crime, providing a false name to a peace officer, and driving after revocation. The state later added one count of second-degree controlled-substance crime. Konczak pleaded guilty to the second-degree controlled-substance charge. At the plea hearing, Konczak admitted that she had possessed 6.5 grams of methamphetamine. The district court sentenced Konczak to a stayed sentence of 48 months and placed her on probation for 15 years. Konczak did not pursue a direct appeal.

In July 2012, more than five years later, the SPPDCL came under public scrutiny and was the subject of a *Frye-Mack* hearing in an unrelated Dakota County District Court

2

case, *State v. Jensen*. Independent reviews of the SPPDCL revealed systemic problems in its laboratory protocols and testing processes. On October 14, 2013, Konczak petitioned for postconviction relief. Konczak sought to withdraw her guilty plea on the ground that it was necessary to correct a manifest injustice in light of newly discovered evidence involving the SPPDCL's testing procedures. Konczak also alleged that she received ineffective assistance of counsel. Konczak acknowledged that her petition fell outside the two-year statutory filing deadline but argued that her petition satisfied the newly discovered evidence and the interests-of-justice exceptions to the time limitation. In her postconviction petition, Konczak relied upon testimony from the *Frye-Mack* hearing held in the *Jensen* case. Konczak also cited two reports that concluded that the SPPDCL's analyses "did not meet the minimal reporting requirements that are generally accepted by the forensic chemistry community" and that "practices by the lab to prevent and detect contamination were deficient."

The postconviction court denied Konczak's petition without a hearing. The postconviction court found that the petition was time-barred because it did not fall under the newly discovered evidence exception or the interests-of-justice exception to the two-year filing deadline. Konczak now appeals.

## D E C I S I O N

Konczak argues that the postconviction court abused its discretion by determining that her petition for postconviction relief is time-barred. A person convicted of a crime who claims that her conviction was obtained in violation of her constitutional rights "may commence a proceeding to secure relief." Minn. Stat. § 590.01, subd. 1 (2014). The

3

petitioner must file the petition for postconviction relief within two years after "the entry of judgment of conviction or sentence if no direct appeal is filed." *Id.*, subd. 4(a) (2014). But there are five statutory exceptions to the two-year filing deadline. Here, Konczak argues that two exceptions apply: (1) "the existence of newly discovered evidence, including scientific evidence, that could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition" and (2) "the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b) (2014).

A petition that invokes one of the statutory exceptions to the two-year deadline "must be filed within two years of the date the claim arises." *Id.*, subd. 4(c) (2014). "[A] claim arises when the [petitioner] knew or should have known of the claim." *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012). A petitioner must demonstrate that she satisfies one of the statutory exceptions before she will be entitled to relief or an evidentiary hearing on an untimely petition. *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). "If the petitioner does not demonstrate that an exception applies and that application of the exception is timely, the postconviction court may summarily deny the petition as untimely." *Id.* We must determine first if any exceptions to the time limitation apply before addressing the substantive claims of the petition. *Gassler v. State*, 787 N.W.2d 575, 582 (Minn. 2010).

We review "the denial of a petition for postconviction relief without a hearing for an abuse of discretion." *Chambers v. State*, 831 N.W.2d 311, 318 (Minn. 2013). The postconviction court "abuses its discretion when its decision is based on an erroneous

4

view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (quotation omitted).

**Newly Discovered Evidence Exception**

Under the newly discovered evidence exception, a postconviction court may hear an untimely petition if: (1) the petition alleges that newly discovered evidence exists; (2) the evidence "could not have been ascertained by the exercise of due diligence . . . within the two-year time period for filing a postconviction petition"; (3) the evidence is not cumulative; (4) the evidence "is not for impeachment purposes"; and (5) the evidence "establishes by a clear and convincing standard that the petitioner is innocent of the offense . . . for which the petitioner was convicted." *Roberts*, 856 N.W.2d at 290 (quotations omitted); *see also* Minn. Stat. § 590.01, subd. 4(b)(2). The petitioner bears "the burden of presenting clear and convincing evidence of innocence." *Scott v. State*, 788 N.W.2d 497, 502 (Minn. 2010). "[T]o prove a claim by clear and convincing evidence, a party's evidence should be unequivocal, intrinsically probable and credible, and free from frailties." *Gassler*, 787 N.W.2d at 583.

Here, the postconviction court found that Konczak had not shown that the evidence regarding the SPPDCL's practices could not have been ascertained by the exercise of due diligence because Konczak "could have challenged the testing prior to her plea and conviction." Therefore, Konczak "knew or should have known of her claim at the time of her plea and conviction in 2006-2007." As a result, her claim arose at that time, and Konczak did not file her petition within two years of when her claim arose. The postconviction court also found that the evidence "would be in the nature of

impeachment" because the information pertaining to the SPPDCL's practices affected the weight of the evidence, not its admissibility. Lastly, the postconviction court found that "even if the crime lab's practices were questionable, such does not establish by clear and convincing evidence that [Konczak] is innocent of the offense or that she would be acquitted," because Konczak admitted that "she knew the substance in question was methamphetamine, independent of any crime lab test results."

This court's recent opinion in *Roberts* reasoned that Roberts "could have challenged the foundational reliability of the [SPPDCL] test results" at the time of trial, and therefore Roberts had "not demonstrated that the information regarding the crime lab could not have been discovered through the exercise of due diligence." 856 N.W.2d at 291. Similarly here, Konczak could have challenged the test results before pleading guilty. Just as the attorneys in the *Jensen* case discovered the SPPDCL's deficiencies upon requesting testing data in 2012, that same information could have been discovered by Konczak by a request for the data before trial. Konczak has not shown that she could not have ascertained the evidence by the exercise of due diligence at the time of her trial court proceedings.

In *Roberts*, we also concluded that Roberts had not shown clear and convincing evidence that he was innocent because he did not "offer evidence regarding the chemical composition of the particular substance in his case. In fact, Roberts has never claimed— in district court, during postconviction proceedings, or on appeal—that the substance was not cocaine." *Id.* at 291-92. Here, the criminal complaint alleged that Konczak's purse contained "several baggies containing a white crystal like substance." Konczak has never

claimed that the substance was not methamphetamine. Therefore, the evidence of deficiencies at the SPPDCL, brought to light by the *Jensen* case, does not establish by a clear and convincing standard that Konczak is innocent of her controlled-substance crime.

We conclude that the postconviction court did not abuse its discretion by finding that Konczak's petition does not fall under the newly discovered evidence exception to the statutory two-year filing deadline.

**Interests-of-Justice Exception**

To satisfy the interests-of-justice exception, a petitioner must establish that "the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5). We will only apply the interests-of-justice exception "in exceptional situations." *Gassler*, 787 N.W.2d at 586. The Minnesota Supreme Court has "identified a non-exclusive list of factors to be considered." *Id.* Those factors include "the degree to which the party alleging error is at fault for that error, the degree of fault assigned to the party defending the alleged error, and whether some fundamental unfairness to the defendant needs to be addressed." *Id.* at 587.

In *Roberts*, we affirmed the postconviction court's summary denial of the postconviction petition. 856 N.W.2d at 294. We concluded that the problems at the crime lab did not "stem from a flaw in the judicial process," and therefore it was not "necessary to act in the interests of justice to protect the integrity of the judicial proceedings." *Id.* at 293.

7

Here, as in *Roberts*, fundamental fairness and the interests of justice do not necessitate postconviction relief. The postconviction court did not abuse its discretion by finding that Konczak's petition did not fall under the interests-of-justice exception to the two-year filing deadline. Konczak's postconviction petition was time-barred.

**Affirmed.**